Good morning, your honors. Andrew Smith, the repellent. On the suspension matter, I don't think there's any published case where no bad faith is found, there's no costing of money to the other side, there's no delay, and there's just simply a pure legal opinion cited where there's a six-month suspension. The Ninth Circuit in the case of United National v. R&T Latex did apply the akin to contempt standard, which is in the official rules, it doesn't sound like you have to do it, but it says the protection to the attorney occurs, you don't get the safe harbor, so normally courts won't impose sanctions unless it's akin to contempt. This isn't akin to contempt, and that I would ask even if you don't have to apply the rule that the court apply it, because pure speech, if that's all it is, it's something so terrible that you say it in open court and you get six months, there's only one type of speech that fits that, and that's contemptuous speech. Can Rule 11, can you get discipline under Rule 11? The first place to look is the statute. Under the new statute, it's listed what can be done. In one part, it says other non-monetary sanctions, but then it lists sanctions available, and it doesn't say discipline, it says referral to a discipline committee, it's somewhat like the local rule. Kennedy, it doesn't say other appropriate sanctions? It doesn't use the word appropriate in the official rule. Yes, the official comment to Rule 11, and the word appropriate isn't there, and it doesn't in fact, there isn't other there at all. It just says this is what you can do, and significantly what's left out is conduct discipline. Thornton v. GM from the Fifth Circuit, which we cited, took that to say that the bankruptcy court could not impose discipline. There's another Ninth Circuit case, two that we would like the Court to consider, and strange enough, one of them is Lettinen that's connected with this case, and Creighton. The same panel that upheld the bankruptcy court in this one said that they sent it back because they said Creighton required ABA standards to be applied. In Rule 11.6, subsection 2 says, quote, impose other appropriate sanctions. Okay. The Court So appropriate is in there. I apologize, Your Honor. I thought. That's not what it means. Okay. It's like fair, right? It's in the eye of the beholder. Okay. But nonetheless. I thought, well, there was the list of what they could do, and I'm saying it's significant that they left out, you know, suspend. I think the Court, without, though, I think in Lenten and Creighton, the ABA standards should be applied, and in this case, when they're not applied, then applying the limitation in Rule 11 can result in something somewhat unfair. The judge took the limitation, which was no more than necessary to deter, which is supposed to be done after sanctions are determined, then it's a limit, and used it more like the measure. When it became the measure of sanctions, then very egregious behavior and very And we think if they sent it back in Lenten, then there's no reason it shouldn't be sent back on this one. One of the factors would be helpful to consider would be one of them was harm to the court and the other side. This the court, within one minute of learning there was such a objection, shot it down, and within one minute of Mr. Keener and the city hearing of these objections, it was gone, and they knew David Smith was being sanctioned, this court in Dyer said that, and I understand that wasn't a lawyer, but the court in Dyer was talking about a creditor, but that was always being applied to lawyers till Lenten, and it said that the bankruptcy court didn't have the jurisdictional safeguards to impose serious sanctions. Strangely enough, in this case, the BAP said, well, a suspension is not serious sanctions using the definition in Dyer, but then using the definition in Dyer in Lenten, and they said, oh, yes, it is serious sanctions. However, attorney discipline is sui generis, it's another animal, so Dyer doesn't count for attorneys. Well Yes. So, Your Honor, I think the court has to decide on Dyer, attorneys too, we're in title II safeguards. The equivalent for a layperson is a jury trial. The equivalent for us is a three-judge panel with the accusing judge not being the deciding judge, and it's surely not the only judge deciding being the accusing judge. We also have the rule 11-6 doesn't require the judge to refer to the court's standing committee or any other panel. It says the judge may do any or all of the following. In Rule 11. And paragraph and subparagraph 2 says, impose other appropriate sanctions. So you can choose to do that, and if so, what is the scope of review of this court of that judge's action? Well, I thought and maybe I read a different version. I saw it saying other non-monetary sanctions. I think that the non-monetary, I can look to that. Okay. Maybe I looked at an old version of the rule. Let me ask you this. Let's suppose the judge can impose a suspension sanction. If he can do that under the rule, that's so long, what is our scope of review? What should we be looking for to say that the judge was wrong? Is it abuse of discretion? Is it clear error? Is it de novo? What – how do we look at that judge's action? Okay. As the Court in Lehtinen said, they said they did what the Court's asking can you do, and they said abuse of discretion, and they found it was that the ABA standards have to apply. Higher courts do review de novo if the standards applied were correct. And they said the ABA standards were not applied. I'm – What standard did he apply that you find to be incorrect? Pardon me? What standard was applied that you find to be incorrect? Well, I find that standards were not applied. The only standard applied was aggravation and mitigation, but there was like the harm. How bad was the harm? There was no discussion. How sincere was David Smith in alleging that? There was no discussion. And I believe, by the way, it's on the frivolousness bit of thinking, well, in this – after an Anawali, we can't argue what we argued, but the – Is it your argument that your mistake was caught immediately and didn't cause any harm to anybody in the bankruptcy? Well, we don't think it's a mistake. Let's suppose it was a mistake. Be generous. No. Because it's the standard in a 13 is the plan supplants the contract. And any rights you get are only in the plan. The code sections and statutes support us. Shook says the majority says silence in the plan removes the lien, and therefore removes the right to get paid as secured. I understand finding that afterwards and arguing is like the four corners rule, and – but that's what everyone does. In Part D, someone mistakenly put in a legal provision and – to get rid of a student loan. When he found it, he nevertheless argued it was binding, and it was. If it's – if this is frivolous, it's barely so. I would define frivolous as something you couldn't get the assent of any judge. Judge Keith London agreed and Senpan – well, he commented on it and said that, well, they sat on their rights, that the silence in the plan did remove the lien. The court – the bankruptcy court said, well, this is ridiculous, and cited one thing, 1326. There has to be a distribution. That's not true when there's an objection under 502. There doesn't have to be a distribution. We cited a recent case that the plan's not a plan unless it controls how they're paid, and that's what he was arguing. If it was – if it was frivolous, it was barely so, but I think the fact that the majority of other circuits, the Sixth Circuit, says the default position is no security and no pay to security unless you're – unless you're provided for and secured. That's why the local plan is – is – Kennedy, in this case, at least from the point of view of the sanctioning judge, you file an objection for Brooks to Oakland's proof of claim as a secured creditor saying that Oakland was not provided for as a secured creditor because it wasn't listed in paragraph 2B of the Chapter 13 plan form. Yeah. But Chapter 2B – paragraph 2B lists only secured creditors who will be paid in monthly installments, not all – not all secured creditors. And the deal with Oakland was, according to the plan which you drafted, was that Oakland would be paid in full. Yes, they would be. And so it's difficult for me to think that this is not a frivolous claim. Your Honor. Maybe barely frivolous. I'll adopt your language, right? I don't think so, Your Honor. All right. No. If it is barely frivolous. Borderline. Borderline. What is so – what is the abuse of discretion which the judge was guilty of in imposing a six-month suspension on me? Your Honor, I just want to say that 1327C is a stronger statement than what David Smith says, and it says – the plan is written to say you're secured only if the re's a saving paragraph. There is one in two. You keep your lien, you keep security. If it's not there, you don't have it. And that's – he's arguing what that says. Again, the court asked me the question. I'm simply saying if you want to find abuse of discretion, I'm saying look at Lenton and say the ABA standards were not considered. It was there, three out of four were considered. Here, only one. There's no discussion whatsoever of did he believe it? There's no discussion of harm to the other side. Your Honor, I'd like to talk about the other case for a moment. I believe that that was in – that shows people can make mistakes and can make very clear-cut mistakes. The bankruptcy judge believed all the defensive issues were precluded by the judgment on the cross-complaint. That's not true. The compulsory cross-complaint rule says issues in another complaint don't disappear. So defensive issues didn't disappear. Had they disappeared, the judge wouldn't have set it for trial. It would just have been dismissed. Secondly, the practice of California lawyers is not to list all the issues in a complaint and all their defenses in a cross-complaint. They don't fear they're going to lose them because they know the compulsory cross-complaint statute says they won't. So when he filed, David Smith, he had these defensive issues and he's allowed to bring them up under 11 U.S.C. 506. It's a declaratory relief. It's the extent and priority of liens. He's allowed to bring it up. Secondly, the federal judge did not say there was no state court issues. The federal judge said the opposite. He said, in his opinion, you actually have written this complaint now to have no state court causes of action, but you do have, pardon me, you've read no federal issues, no federal issues, pardon me, no federal cause of action, but you do have state court causes of action using federal issues. Contrary to what the BAP said, we brought that up to the bankruptcy judge right away. There's a California case using the very Community Development Act, Family Planning v. Santa Barbara, 16 Calif. 4, 685, where mishandling of federal funds was a state court cause of action. So when David Smith filed, did he have those as offsets? You've defrauded us. You've asked for too much. Actually, he did. I'll agree with the BAP when they help me, and I'll agree. They said he was right about the statute of limits, that that did not preclude using it as offsets. However, they said, well, you didn't use it as offsets because you asked to just invalidate a lien, but he didn't do that. He did more than that. He said improperly inducing somebody to put a lien in and asked for all proper relief. So he could have made it affirmative defenses. The one-action rule is not frivolous because Shin says it's officially undecided. Somewhere between filing a complaint for a money damages and getting a judgment, interim actions, Shin says, will invoke the rule. And Professor Hedrick, in the leading case of Walker, says it can be a writ of possession. He doesn't use those words, but he says, if you do an interim judicial act against collateral other than foreclosure, you've invoked the one-action rule. A judicial act against collateral is a writ of possession. They're wrong about that. They're wrong that we can't ask if going after collateral doesn't trigger the rule. And they're wrong that you need a final judgment. Hedlunds says, in fact, you can't get a final judgment. Now, I understand it's an officially unclear area, and we're allowed to argue. You don't even have to deliver the judgment because the usual happening is that you get a judgment and you, right away you've elected. It's not precluded by the, it's a declaratory relief. You've elected your remedy. I'll try and save my 50 seconds. Okay, for rebuttal. We'll give you a full minute. Thank you. Thank you for coming in today. We'll hear from the city of Oakland at this time. Good morning, Your Honor. Chris Keener, Corp Philpolyn Nyberg on behalf of the city of Oakland. And I will only be addressing the monetary sanctions, not the suspension. And I will be brief, Your Honor. I don't believe I have too much to add to our papers. However, I'd like to address what Mr. Smith discussed on his, in his argument. The characterization of this complaint as a defensive measure or some sort of offset is simply not accurate. This was a lawsuit found in an adversary proceeding in the bankruptcy court alleging various causes of action, or claims for relief, excuse me, of which all had been previously decided by a state court judge. They'd been decided on the demur stage after three drafting of a complaint. The court should be reminded that when the state court action containing these claims that were alleged in the bankruptcy court were dismissed or demur was sustained without leave to amend was the third drafting. It was the second amendment complaint. So we'd gone through the process of a state court judge saying, this is what you need to do for this cause of action. This is what you need to do for this cause of action. I actually was lawyer, so was Mr. Smith. So we lived through this process of trial and error, and ultimately got the demur sustained without leave, which is rare. Normally, judges- Kennedy, Mr. Keener, count one of the adversary proceeding complaint, which claimed that the liens and deeds of trust on Brooks Warehouse and Holbrook were invalid, was the subject first of a Federal lawsuit. That's correct. Where there was a dismissal because the court found there's no private right of action that emanated from the penumbras of the legislation involved, right? That's correct. The district court never reached the State law question whether the liens and deeds of trust were valid or invalid and were procured by fraud when Oakland promised it would follow the HUD regulations. So how do you get collateral estoppel as to the State law claims of fraud out of the district court's dismissal for lack of Federal-questioned jurisdiction? I don't think we do, Your Honor. I think what the Federal- Then that's not frivolous. Well, let me just finish. I believe what the Federal district court's ruling was that there was no private right of action to bring a claim under this HUD statute, therefore, there was no subject matter jurisdiction, and it was dismissed for lack of subject matter jurisdiction. Normally, that is not a finding, a final judgment on the merits. However, as we cite in our papers, there's one exception to that rule, and that's found in Okoro. And Okoro says that it is a final judgment as to the reason there is no subject matter jurisdiction. So in this case, the court found there was no private right of action, meaning that a citizen cannot bring a cause of action against another entity based on the violation of these HUD regulations. No private cause of action, no Federal private cause of action. Well, I mean- I understand the distinction, and- You don't think that a Federal district court would be as daring as to say, we are not pronouncing under California law there is no claim for relief here? I don't think that's what the judge said. Okay. Fine. I think we're on the same track on that one. Now let's go to the breach of contract action. Count 2 of the ABC, the adversary's preceding complaint, that the deeds of trust and liens were invalid because Oakland breached a contract with Brooks. The demurrer in the State court action as to the second amended cross-complaint was sustained without saying what was the ground of it being sustained. We don't know whether it was no cause of action under California law or an application of the statute of limitations. If that were so, and the dismissal were on the statute of limitations ground, that would be a dismissal not on the merits, correct? And the claim could be used in a defensive way only as a set-off in a later action, even though time barred under California law. Why is it frivolous to raise that in the ABC? It's frivolous to raise that claim as an attempt to avoid the city of Oakland's lien in an adversary proceeding. That is to bring affirmative relief. And that is what the plaintiff was doing in his lawsuit. The lawsuit was filed as an adversary proceeding in the Chapter 13 bankruptcy. So it could be used only to defend against the city of Oakland's action for money, but not foreclosure of liens? Presumably, if that's what they wanted to do. That's not what they did. What they did, or what he did, was file a lawsuit separate from the Chapter 13 bankruptcy plan and all those other procedures that were going on. They brought a separate adversary proceeding asking for affirmative relief against my client making allegations based on causes of actions that had already been decided in state court. Now, it wasn't a defensive matter. If you swallow that plumb, then, of course, everything follows. But had it really been decided in the state court other than on perhaps alternate grounds, no cause of action stated, and also the statute of limitations barred the cause of action? Only if it's being unlimited. It would be on the merits, and the other one would not be on the merits. And it only makes a difference if it's a defensive, if they're using those claims as offset defensive claims. So that was a claim, that they were using the, you say they weren't using it as an offset, they were seeking affirmative relief by the cancellation of these trusts and liens, and that was different, okay. That's correct, that's the distinction, I think BAP makes that distinction as well. Is there anything in this adversary complaint that suggests it's being done purely for defensive or offset purposes? I don't believe so. I think what they were trying to do. The mayor asked straight up for affirmative relief. Off the top of my head, I don't want to make a representation. Let me ask a more basic question. Was the argument made to the bankruptcy court that this use was a defensive use? They may have made those arguments in the claim proceeding when they filed these objections to the claims later on. I mean, in the adversary case. I don't recall if it was or not. I'm not going to say if it was. I'll let counsel respond to that. I don't recall that, but you don't know whether the bankruptcy judge ruled on that. I believe the bankruptcy court ruled that these were affirmative claims for relief based on issues that have already been decided, and that these were affirmative claims, and that it was. That's the issue I'm getting at. Correct. The bankruptcy court ruled that it was a claim for affirmative relief? I believe that's correct, yes, Your Honor, and so did BAP. Was the debtor counsel given an opportunity to withdraw the adversary? Yes. Under bankruptcy rule 9011, which incorporates federal supersedure rule 11, you're required to provide a letter and a copy of your motion, actually, and give the party 21 days to withdraw the offending and pleading, and that was not done. And there was a finding by the bankruptcy court judge to that effect that we had met the requirements of that procedure. Okay. Just as a general matter, and I suppose this spills over to the other case, you're not required, of course, to comment on it, why wasn't this referred to an uninvolved judge? I don't know, Your Honor. I was not involved in the suspension, and normally that is taken up by the United States trustee who did not get involved, so I don't know. It's just the first time I've, in my 12 years of practice in front of the bankruptcy courts, that this has happened. So I wasn't really sure of the procedure myself, and I looked at the same rules that I think were discussed earlier. I do not know. Would you agree that's the better practice? I don't know. Bankruptcy. It seems to me that in our practice, the judges know everybody. We have a very small bar. I'm not sure referring it to an- As my law professor used to say, a fortiori. All the more reason why to send it to an uninvolved judge. And there's maybe another reason. This judge seemed to rely quite a bit on this lawyer's past history, right? In other words, what happened in other cases. I think she looked at that when she decided what amount to sanction. I don't think she looked at that when she decided whether or not Rule 9011 was violated. I think she looked at that to see what would be a deterring amount to award here as sanction, and that amount turned out to be the amount of the attorney's fees that the City of Oakland incurred in this. But I do not think she made any determination as to the violation itself regarding past practice. I just do not believe that, and I do not see that. Okay. Thank you for your argument today. Counsel, you have one minute. And to be- you're Andrew Smith, right? And David Smith is the involved lawyer. Okay. Your Honor, I just wanted to be clear about that. Thank you. Has changed his tune. He was arguing it was identical, and the affirmative relief below and the cross-court was identical, and that's why it was raised judicata. Now he's changing what he says. I have the complaint in bankruptcy of the adversary, and it does- it was tried to be written defensively, but it does say fail to perform under their contract to non-negligently distribute Federal funds. That's a separate action and an estate court one. And it says on page 55, fail to perform under the contract. All money was a loan. In the prayer, it says any other relief. I might add, there's a four liens, which they've never removed, never explained. And we say, you know, we pay- that's a pure defensive. We never got the money. What attorney would have told Brooks-Hambleton after the- right before trial, you know, you've got a rollover, play dead, you've lost and everything, it's raised judicata. You never get your day in court. Judges are told don't find raised judicata readily, it denies the day in court. Attorneys much more so should think that way. Thank you. Thank you. Thank both sides for their argument. The case is just argued, will be submitted.
judges: Hawkins, Tashima, Bea